UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| James Paul Marz Jr., | Civil No. 11-CV-0200 (JNE/SER) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| Presbyterian Homes and Services, | |
| Defendant. | |

---

James Paul Marz Jr., *pro se*, 991 Summit Avenue, South St. Paul, MN 55075.

Krista A. P. Hatcher and Teresa M. Thompson, Esqs., Fredrikson & Byron, PA, 200 South 6th Street, Suite 4000, Minneapolis, MN 55402-1425, for Defendant.

---

STEVEN E. RAU, United States Magistrate Judge

This case is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint [Doc. No. 3]. This matter was referred to the undersigned by an Order of Reference entered by the District Court on March 29, 2011, pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Minnesota Local Rule 72.1(b). This Court held a hearing on April 19, 2011 and took the matter under advisement. For the reasons set forth below, the Court recommends that the motion be granted.

## I.     BACKGROUND

Plaintiff James Paul Marz Jr. ("Marz") was an employee of Defendant Presbyterian Homes and Services ("PHS") from 2006 to December 2008. This case involves Marz's allegations that PHS: (1) denied him use of certain medical benefits under either ERISA or Minnesota state law; (2) wrongfully discharged him in violation of the Minnesota Whistleblower Act, Minn. Stat. § 181.932, or the common law tort of wrongful discharge in violation of public

1

policy; and (3) failed to accommodate his disability under the Americans with Disabilities Act ("ADA"). PHS moved to dismiss Marz's Complaint under Fed. R. Civ. P. 12(b)(6) and argued Marz's claims were untimely or, ostensibly, that he failed to exhaust his administrative remedies and he has failed to state a plausible claim for relief.

Marz alleges that he was forced to accept a management position with PHS in March of 2008 (Compl. at 1). He asserts that the management position caused stress or exacerbated his pre-existing stress to the point that PHS forced him to take a leave of absence under the Family and Medical Leave Act ("FMLA") (*Id.*). Marz was on FMLA leave from May 14, 2008 until June 3, 2008. (Ex. A, attached to the Aff. of Krista A.P. Hatcher in Supp. of Mot. to Dismiss Pl.'s Compl.).[1] Marz contends he attempted to use his "mental health benefits" during his FMLA leave, but PHS denied him the use of such benefits. (*Id.*).

After his FMLA leave, Marz was transferred to a different work site location. (*Id.*). Marz contends that he requested a reasonable accommodation at this work site. (*Id.* at 2). In his Complaint, Marz does not specify how he is disabled or what accommodation he requested. In his response to the Motion to Dismiss, Marz asserts that plaque psoriasis renders him disabled. (Plaintiff's Respon[se] to Motion to Dismiss at 1). Marz contends that he asked his supervisor

---

[1] The Court may consider the MDHR and EEOC charges, the letters dismissing the charges, and any notice of right to sue letters without converting the Motion to Dismiss into a motion for summary judgment because the Complaint "embraces" these administrative documents "embraced." *Henke v. Allina Health Sys.*, 698 F. Supp. 2d 1115, 1122 (D. Minn. 2010); *Wesman v. United Parcel Service, Inc.*, No. 08-457, 2008 WL 2564458, *3 (D. Minn. June 24, 2008).

Marz attached to his Resp. to Mot. to Dismiss [Doc. No. 13], numerous other documents, including various medical records, information regarding psoriasis, documents relating to unemployment compensation, etc. Unlike the MDHR and EEOC documents, the medical records and other documents attached to Marz's brief are not "embraced" by the Complaint. Therefore, this Court cannot consider those documents without converting the Motion to Dismiss into a Rule 56 motion for summary judgment. This Court declines to convert the motion and therefore will not consider these documents. Furthermore, the medical records are irrelevant to the Court's consideration of whether Marz's claims are timely, or, whether he properly exhausted his administrative remedies.

for permission to wear a long sleeve shirt as a reasonable accommodation for his psoriasis, but his request was denied. (*Id.* at 2). Marz's contentions about his psoriasis and his request to wear a long sleeve work shirt as an accommodation are not asserted or alleged anywhere in his Complaint or the cross-filed administrative charges. These allegations are only contained in the papers Marz submitted in response to the Motion to Dismiss.

In December 2008, PHS terminated Marz. (Compl. at 2). Marz alleges he was terminated for "following state and federal regulations in the handling of a known hazardous material." (*Id.*). Specifically, on December 2, 2008, Marz's car had an antifreeze leak while he was at work. (Ex. A). Marz spent an hour cleaning up the antifreeze and moving his car from PHS property. (*Id.*). He was terminated the next day when he returned to work. (*Id.*). PHS contends Marz was terminated for falsifying his timecard because he was paid for the time he spent working on his car. (*Id.*).

On May 14, 2009, Marz filed a charge of discrimination with the Minnesota Department of Human Rights ("MDHR") and cross-filed the charge with the Equal Employment Opportunity Commission ("EEOC"). (Ex. A and B). In the charge, Marz alleged PHS discriminated against him on the basis of a perceived disability. (Ex. A). After stating that PHS perceived him as disabled, Marz referenced his increased stress and subsequent FMLA leave. (*Id.*). Marz's charge therefore, asserts that PHS forced him to take FMLA leave and ultimately terminated him because PHS perceived him as disabled due to his work-related stress and anxiety. (*Id.*). Nowhere in the charge does Marz mention psoriasis or that he sought and was denied a reasonable accommodation. (*Id.*). On the EEOC cross-filing form, Marz checked the boxes for the ADA and disability, but the EEOC charge does not provide any additional insight into the basis for his claim of discrimination. (Ex. B).

On August 6, 2010, the MDHR dismissed the charge and concluded no probable cause existed to conclude that PHS discriminated against Marz. (Ex. C). On August 15, 2010, Marz appealed the dismissal of the charge. (Ex. D). The MDHR affirmed the dismissal of the charge on September 20, 2010. (Ex. E). The EEOC issued a right to sue on October 7, 2010. (Ex. F). Marz contends he received a copy of the right to sue on October 12, 2010 when his former attorney sent him a copy. (Pl.'s Rep. to Mot. to Dismiss at 2).

Marz initiated this action in Ramsey County District Court on January 7, 2011, and PHS removed the matter to this Court on January 26, 2011. Marz brought three claims for relief: (1) denial of use of mental health benefits; (2) wrongful termination in violation of Minn. Stat. § 115A.916; and (3) denial of a reasonable accommodation under the ADA.

## II.     DISCUSSION

PHS asserts that this Court should dismiss Marz's Complaint in its entirety. Specifically, PHS contends that: (1) the statute of limitations bars Marz's denial of mental health benefits and wrongful termination claims; (2) Marz failed to exhaust his administrative remedies for the reasonable accommodation claim; and (3) all three claims should be dismissed for failure to state a claim upon which relief can be granted. This Court agrees.

### A.     Standard of Review

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must provide "fair notice of the plaintiff's claim and grounds for relief." *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). On a motion to dismiss, a court must assume that all the facts alleged in the complaint are true and generally construe the complaint in the light most favorable to the plaintiff. *Id.*; *Crooks v. Lynch*, 557 F.3d 846,

848 (8th Cir. 2009); *Benton v. Merrill Lynch Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). A court may, however, reject any unwarranted inferences and conclusory or catch-all assertions of law. *Elam v. Neidorff*, 544 F.3d 921, 926 (8th Cir. 2008).

A motion to dismiss should be granted only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 12(b)(6); *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). To survive a motion to dismiss, the complaint must allege facts that raise more than a speculative right to relief. *Benton*, 524 F.3d at 870 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 555. The complaint is not required to contain detailed factual allegations, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Therefore, mere conclusory statements that allegedly support only threadbare recitations of the elements of a cause of action, will not survive a motion to dismiss under 12(b)(6). *Iqbal*, 129 S. Ct. at 1949.

Because Marz is *pro se*, this Court must liberally construe his Complaint. *Norman v. Schuetzle*, 585 F.3d 1097, 1117 (8th Cir. 2009) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, when facing a motion to dismiss, a *pro se* complaint must still allege sufficient facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("*pro se* litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of

law."). Thus, a *pro se* Complaint must allege facts which, if true, state a claim as a matter of law. *Larson v. Goodman*, No. 09-3600, 2010 WL 4568042, *5 (D. Minn. Sept. 28, 2010) (citing *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980)); *see also Young v. City of St. Charles. Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).

### B. Denial of Mental Health Benefits

In his Complaint, Marz alleges that PHS denied him use of his mental health benefits while he was on FMLA. It is not clear from Marz's Complaint what statute or law he is relying on for the denial of benefits of claim. Construing his *pro se* Complaint liberally, this cause of action may be asserted under Employee Retirement Income Security Act ("ERISA") or state contract law. Regardless of whether the claim is based on federal or state law, Marz's claim related to PHS's allegedly denying him use of his mental health benefits, this Court recommends that his denial of benefits claim be dismissed because it is untimely and Marz has failed to state a claim under Fed. R. Civ. P. 12(b)(6).

#### 1. Statute of Limitations

Regardless of whether Marz's "benefits claim" is premised on ERISA or state law, the claim is untimely. If Marz is contending that he was denied benefits under an ERISA-governed plan, then he is asserting a claim under ERISA § 502(a)(1)(B). 29 U.S.C. § 1132(a)(1)(b). This section allows an action by a plan participant or beneficiary to "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Id.*; *Eisenrich v. Minneapolis Retail Meat Cutters & Food Handlers Pension Plan*, 574 F.3d 644, 647 (8th Cir. 2009).

ERISA does not contain a specific statute of limitations period for such actions, and therefore, courts apply the most analogous limitations law of the forum state. *Union Pacific R.*

*Co. v. Beckham*, 138 F.3d 325, 330-31 (8th Cir. 1998). In Minnesota ERISA actions, courts apply the two year statute of limitations in Minn. Stat. § 541.07(5), which governs contract actions to recover unpaid benefits. *Abdel v. U.S. Bancorp*, 457 F.3d 877, 880 (8th Cir. 2006) (citing *Cavegn*, 223 F.3d at 829-830). "A cause of action for plan benefits under ERISA accrues after a plan fiduciary has formally denied an applicant's claim for benefits or when there has been a repudiation by the fiduciary which is clear and made known to the beneficiary." *Fairview Health Services v. Ellerbe Becket Co. Employee Med. Plan*, No. 06-2585, 2007 WL 978089, *3 (D. Minn. March 28, 2007) (citing *Cavegn*, 223 F.3d at 830).

To the extent Marz is asserting a state-law claim for denial of benefits, Minn. Stat. § 541.07(5) governs his claim.[2] This statute provides a two-year statute of limitations for all actions seeking the recovery of wages, overtime, damages, or fees arising from an employment relationship. *Id.* The limitations period is three years if the nonpayment was willful. *Id.* The Minnesota courts broadly construe Minn. Stat. § 541.07(5), holding that "all damages arising out of the employment relationship are subject to the two-year statute of limitations set forth in Minn. Stat. § 541.07(5)." *Wendland v. Erickson Oil Products, Inc.*, No. 92-0080, 1992 WL 695897, *5 (D. Minn. Oct. 2, 1992) (citing *Stowman v. Carlson Co. Inc.*, 430 N.W.2d 490, 493 (Minn. Ct. App. 1988)). The two and three year statute of limitations in § 541.07(5) govern contract actions seeking unpaid benefits arising from an employment relationship. *Hillstrom v. Kenefick*, 04-3820, 2004 WL 2823222, *2 (D. Minn. Dec. 9, 2004) (citing *Cavegn v. Twin City Pipe Trades Pension Plan*, 223 F.3d 827, 830 (8th Cir. 2000)).

---

[2] Although not raised by the Parties, the Court questions whether Marz could assert a viable state law claim for denial of benefits because ERISA would likely preempt such a claim. *Malcolm v. NPD, Inc.,* No. 05-960, 2007 WL 1847200, *3 (D. Minn. June 21, 2007)  (citing *Life Ins. Co. v. General Motors Corp.*, 481 U.S. 58, 63-64 (1987); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 43 (1987)).

Regardless of whether this Court construes Marz's clam under Minn. Stat. § 541.07(5) or under ERISA, Marz's claims for denial of health benefits are untimely. Because there is no assertion in Marz's Complaint that PHS's denial of benefits was willful, the statute of limitations was two years, regardless of whether it is a state or federal claim. Marz asserts that he was denied the use of the mental health benefits during his FMLA leave, which ended in June 2008. Marz did not commence this lawsuit, however, until January 2011, more than two and a half years after his FMLA leave ended.[3] Because he did not initiate this case within two years of the denial of his benefits, his claim is untimely.

### 2. Failure to State a Claim

With respect to his claim for "Denied Use of Mental Health Benefits," Marz only alleges that "[d]uring [his] Federal Family Medical Leave, [Marz] tried to use [his] mental health benefits[,] which [he] was denied by corporate management." (Complaint at 1). Marz does not identify any legal basis that establishes his right to the benefits he sought. As noted by PHS, without such information it is unclear to the Court if Marz is seeking benefits under ERISA or state law or how Marz contends PHS violated the law. Under the pleading standards of *Iqbal* and *Twombly,* this single conclusory allegation is insufficient to establish a plausible claim to

---

[3] Marz' filing of the MDHR and EEOC charge did not toll the statute of limitations for his denial of benefits or wrongful discharge claims during the pendency of those administrative charges. The Supreme Court has held that when a plaintiff brings some claims that require exhaustion of administrative remedies as a prerequisite to suit and other claims that do not, participating in the administrative process for some claims does not operate to toll the statute of limitations for the claims that do not require exhaustion. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 465-66 (1975); see also *Greer v. Eaton Corp.*, No. 04-941, 2005 WL 1240163, *4 (D. Minn. May 24, 2005) (holding plaintiff's whistleblower claim not tolled while EEOC charge proceeded); *Griffin v. American Motors Sales Corp.*, 618 F. Supp. 455, 459 (D. Minn. 1985) (concluding § 541.07(5) was not tolled during pendency of MDHR administrative complaint); *Mounts v. United Parcel Service of America, Inc.*, No. 09-1637, 2009 WL 2778004, *2 (N.D. Ill. Aug. 31, 2009) (holding ERISA statute of limitations not tolled while plaintiffs pursued administrative remedies with EEOC for discrimination claims). Nor has Marz asserted that the statute of limitations should be equitably tolled.

relief for purposes of Fed. R. Civ. P. 12(b)(6). Regardless of whether this Court considers the "denied use of health benefits" claim under ERISA or state law, Marz fails to state a claim upon which relief may be granted.

### C. Wrongful Termination

Marz also asserts a claim for wrongful termination for "following state and federal regulations in the handling of a known hazardous material." It is also unclear to this Court if Marz is asserting a whistleblower claim, a claim for wrongful discharge in violation of public policy, or a violation of the statute cited in his Complaint, Minn. Stat. § 115A.916, which governs the disposal practices for antifreeze and other motor vehicle fluids. Irrespective of the theory upon which Marz's claim is based on, this Court recommends that the motion to dismiss this claim be granted because his action is time-barred and he fails to state a claim upon which relief can be granted.

#### 1. Statute of Limitations

As with Marz's benefits claim, any claim for wrongful discharge would also be barred by the statute of limitations. The statute of limitations for both the common-law tort of wrongful discharge and its statutory counterpart, Minn. Stat. § 181.932, is two years. *Albert v. Larson*, No. 07-495, 2008 WL 1748150, *3 (Minn. Ct. App. April 15, 2008) (citing *Larson v. New Richland Care Ctr.*, 538 N.W.2d 915, 920 (Minn. Ct. App. 1995), *abrogated on other grounds by Gordon v. Microsoft Corp.*, 645 N.W.2d 393 (Minn. 2002) (holding statute of limitations for whistleblower claims under § 181.932 and tort of wrongful discharge is two years); *Rice v. Target Stores.*, 677 F. Supp. 608, 616 (D. Minn. 1988) (holding retaliatory wrongful discharge claim subject to two year statute of limitations). Marz was terminated on December 3, 2008, but did not initiate his case within two years of that date. His Complaint is therefore untimely.

9

##  2.      Failure to State a Claim

Employment in Minnesota is "at will" unless otherwise agreed between the parties. *Alexandria Housing & Redevelopment Auth. v. Rost*, 756 N.W.2d 896, 903 (Minn. Ct. App. 2008); *Borgersen v. Cardiovascular Sys., Inc.*, 729 N.W.2d 619, 625 (Minn. Ct. App. 2007). Under this rule, an employment relationship can be terminated for any reason or for no reason at all. *Nelson v. Productive Alt., Inc.*, 715 N.W.2d 452, 454 (Minn. 2006). Generally, an at-will employee has "no claim for wrongful termination or breach of an employment contract once discharged." *Bolander v. Bolander*, 703 N.W.2d 529, 545 (Minn. Ct. App. 2005). The Minnesota Supreme Court, however, recognized a common-law cause of action for wrongful discharge in violation of public policy and the legislature prohibits retaliation against whistleblowers. *Nelson*, 715 N.W.2d at 454-55 (citing *Phipps v. Clark Oil & Refining Corp.*, 408 N.W.2d 569 (Minn. 1987)); Minn. Stat. § 181.932.

An employee may assert a common-law wrongful-discharge claim "if that employee is discharged for refusing to participate in an activity that the employee, in good faith, believes violates any state or federal law or rule or regulation adopted pursuant to law." *Phipps*, 408 N.W.2d at 571, *cited in Bicha v. Water Gremlin Co.*, No. 07-1615, 2008 WL 4006777, *3 (Minn. Ct. App. Sept. 2, 2008). Pursuant to Minn. Stat. § 181.932, an employer may not terminate an employee because:

> (1) the employee . . . in good faith, reports a violation or suspected violation of any federal or state law or rule adopted pursuant to law to an employer or to any governmental body or law enforcement official;
> (2) the employee is requested by a public body or office to participate in an investigation, hearing, inquiry; or
> (3) the employee refuses an employer's order to perform an action that the employee has an objective basis in fact to believe violates any state or federal law or rule or regulation adopted pursuant to

>law, and the employee informs the employer that the order is being refused for that reason.

Minn. Stat. § 181.932; *Grundtner v. University of Minn.*, 730 N.W.2d 323, 329 (Minn. Ct. App. 2007).

Marz asserts that he was terminated for following the prohibitions in Minn. Stat. § 115A.916 concerning the disposal of vehicle antifreeze on PHS property.  Even accepting this assertion as true, Marz fails to assert a claim for wrongful discharge.  There is no suggestion in the Complaint or charges of discrimination that Marz reported a violation of law to PHS or a governmental entity.  Nor does Marz make any allegations suggesting he participated in a public investigation, hearing, or inquiry.

Because Marz is *pro se*, the Court will consider whether the Complaint alleges facts suggesting he was discharged for refusing to perform an action that violated a law.  On the face of the Complaint, Marz does not allege that he was discharged for refusing to break the law, which Minn. Stat. § 181.932 and the common law prohibit.  Rather, Marz assets he was terminated for **following** the law.  No such claim exists under Minn. Stat. § 181.932 or the common law tort.  Further, Marz does not allege he "followed" § 115A.916 in response to a directive from someone at PHS to violate the prohibitions of that statute.

While the Complaint did not provide the details of Marz's termination, he provided the facts related to his termination in his MDHR charge.  In the charge, Marz alleged that a supervisory engineer at the work site directed Marz to "immediately clean up the antifreeze spill and remove [his] car from [PHS's] property."  If anything, this fact suggests that PHS directed Marz to follow § 115A.916, not to disregard or violate the statute.  There is nothing in the Complaint to suggest that anyone from PHS directed Marz to dispose of the antifreeze in a

11

manner that was inconsistent with Minn. Stat. § 115A.916.[4] Even accepting the facts alleged by PHS as true, he fails to state a claim for relief under § 181.932 or the common law. Because Marz's actions did not constitute a refusal to perform an action in violation of law, Marz has failed to state a claim on which relief can be granted.

### D. ADA

Marz's claim under the ADA should also be dismissed because Marz failed to exhaust his administrative remedies and he has failed to state a claim. This Court agrees and therefore recommends that the motion to dismiss be granted.

#### 1. Exhaustion of Administrative Remedies

Before filing a lawsuit under the ADA, a plaintiff must exhaust his or her administrative remedies by filing a charge with the EEOC. *Henke v. Allina Health Sys.,* 698 F. Supp. 2d 1115, 1123 (D. Minn. 2010) (citing *Randolph v. Rodgers*, 253 F.3d 342, 347 n. 8 (8th Cir. 2001) (in dicta); *see also* 42 U.S.C. § 12117(a). To satisfy the exhaustion requirement, the administrative charge must provide the employer sufficient notice of the plaintiff's claim. *Russell v. TG Missouri Corp.*, 340 F.3d 735, 748 (8th Cir. 2003). "The information contained in an EEOC charge must be sufficient to give the employer notice of the subject matter of the charge and identify generally the basis for a claim, but it need not specifically articulate the precise claim or set forth all the evidence an employee may choose to later present in court." *Wallace v. DTG Operations, Inc.*, 442 F.3d 1112, 1123 (8th Cir. 2006), *abrogated on other grounds by Torgerson v. City of Rochester*, -- F.3d --, No. 09-1131, 2011 WL 2135636, *8 (8th Cir. June 1, 2011). "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the

---

[4] There is no separate anti-retaliation provision in Minn. Stat. § § 115A.916, as in some statutes. *Contra e.g.* Minn. Stat. § 181.956 (Drug and Alcohol Testing in the Workplace Act prohibiting employment retaliation for asserting rights provided by the Act).

charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Wallin v. Minn. Dep't of Corr.*, 153 F.3d 681, 688 (8th Cir. 1998). The administrative charge must be construed liberally because of the ADA's remedial purposes. *Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir. 2000). A plaintiff may therefore seek relief for discrimination that grows out of or, is like, or reasonably related to the substance of the allegations in the administrative charge. *Id.*

Under these rules, the Eighth Circuit requires that the scope of an ADA lawsuit reflect the claims brought in the administrative proceedings. *Kells,* 210 F.3d at 836 (affirming dismissal of disability harassment claim when underlying charge only referenced termination based on disability discrimination). Reasonable accommodation claims are different from disparate treatment discrimination claims and require different liability analyses. *Knutson v. Medtronic, Inc.*, 05-180, 2006 WL 1851142, *9 (D. Minn. July 3, 2006). Therefore, courts in other circuits and districts have concluded that a charge that only mentions discrimination does not exhaust a claim for a reasonable accommodation. S*ee e.g. Lara v. Unified School Dist. #501*, 350 Fed. Appx. 280, 285, 2009 WL 3382612, *4 (10th Cir. 2009) (holding employee did not exhaust administrative remedies for failure to accommodate claim where charge only mentioned disability discrimination); *Lejeune v. Omni Energy Services Corp.*, No. 09-0194, 2010 WL 378305, *5 (W. D. La. Jan. 29, 2010) (dismissing failure to accommodate claim where EEOC charge was only for disability discrimination); *Hamar v. Ashland, Inc.*, 211 Fed. Appx. 309, 310, 2006 WL 3825669, *1 (5th Cir. 2006) (concluding employee did not exhaust failure to accommodate claim when EEOC charge only alleged disparate treatment discrimination).

In this case, Marz's current claims for failure to accommodate do not grow out of and are not reasonably related to the claim in his MDHR/EEOC charges of disability discrimination.

13

Marz's Complaint alleges a different violation of the ADA than his previous MDHR/EEOC charges alleged. In the administrative charges he claimed he was terminated because of a disability, but in the Complaint he alleges his disability was not reasonably accommodated. As set forth above, these claims are distinct and not reasonably related for exhaustion purposes. The allegation in the charge that PHS terminated Marz because of perceived mental impairments is insufficient to put PHS on notice of Marz's current failure to accommodate claim. Because Marz's current claim is outside the scope of his MDHR/EEOC charges, he has failed to exhaust his administrative remedies. Although the Complaint does not identify the impairment Marz alleges PHS failed to accommodate, if this Court were to consider the allegations in his *pro se* brief, Marz now alleges his impairment is plaque psoriasis. His administrative charges, however, only related to a perceived mental impairment related to stress and anxiety.[5] The impairment alleged in this lawsuit was therefore never mentioned or alluded to in the charges of discrimination. Consequently, the MDHR/EEOC charges failed to put PHS on notice that Marz contended he was disabled as a result of psoriasis. This Court therefore recommends that the ADA claim be dismissed.

---

[5] Courts disagree on whether a claim based on actual disability is reasonably related to a claim for a perceived disability for exhaustion purposes. *Cadely v. New York City Dept. of Transp.*, No. 04-8196, 2008 WL 465199, *10 (S.D.N.Y. Feb. 16, 2008) (dismissing complaint that plaintiff was regarded as disabled where EEOC charge only alleged plaintiff was actually disabled); *Kear v. Bd. of County Comm'rs of Sedgwick County, Kan.*, 491 F. Supp. 2d 1052, 1055-56 (D. Kan. 2007) (holding plaintiff failed to exhaust "regarded as" and "record of" claim where EEOC charge stated only that "I am disabled"); *contra Dyer v. Wiregrass Hospice, L.L.C.*, 532 F. Supp. 2d 933, 936 (M.D. Tenn. 2008) (concluding scope of EEOC charge alleging disability discrimination extended to "regarded as" claims); *Williams v. AT&T, Inc.,* No. 07-0559, 2009 WL 938495 (S.D. Tex. April 6, 2009) (overruling objection at summary judgment that plaintiff was limited to claim he was regarded as disabled where EEOC charge did not assert actual disability). The majority of those cases, however, involved the reverse of the situation presented here. In those cases the plaintiffs alleged in the EEOC charges that they were disabled and then alleged perceived disability in the federal courts. The instant case presents the opposite situation in that Marz claimed at the EEOC that he was perceived as disabled but in the current lawsuit alleges he is actually disabled. Regardless, the claims in Marz's charges are not related because they allege two different impairments and two different violations of the ADA.

### 2. Failure to State a Claim

Although he attempted to add factual support to his ADA claim in his brief in response to the motion to dismiss, the Complaint on its face fails to state a claim. With respect to the ADA claim, Marz's Complaint only alleges, that "[he] requested a reasonable accommodation [and] was denied this reasonable accommodation by management on several occasions." (Complaint at 2). Marz then cites to "the Americans with Disabilities Act of 2008." (Complaint at 2). These allegations are insufficient to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

While Rule 12(b)(6) does not require detailed factual obligations, *Iqbal* and *Twombly* require more than mere labels and conclusions. *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555. Marz's allegations in this case are analogous to the allegations made in *Smith v. Univ. of Minn. Med. Ctr.-Fairview Riverside,* No. 09-293, 2010 WL 3893902, *15 (D. Minn. July 14, 2010). In that case, the plaintiff merely alleged he "was a disabled person" with disabilities of depression, PTSD, and back pain. *Id.* His only other allegation related to his disability was that the University "denied Smith his right not to be discriminated against based on his disability." *Id.* The court concluded that those allegations were insufficient to survive a 12(b)(6) motion to dismiss because they failed to allege facts sufficient to show how he was discriminated against. *Id.* The court noted that the plaintiff's claims "amount to nothing more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Id.* (citing *Iqbal,* 129 S. Ct. at 1949).

Marz's allegations exemplify the types of conclusory allegations that will not survive a motion to dismiss under *Iqbal* and *Twombly*.[6] Marz only alleged that he was disabled, without reference to how he is disabled or how his impairment impacts a major life activity. While he alleged PHS failed to accommodate his disability, he does not allege facts suggesting what

---

[6] While it is possible Marz might be able to amend his Complaint and provide PHS with a more definite statement of his claims and factual allegations, his ADA claim would still be subject to dismissal because he failed to exhaust his administrative remedies.

accommodation he required or how such an accommodation was necessary. Marz's "threadbare" allegations cannot survive a 12(b)(6) motion to dismiss.

### III.     RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss Plaintiff's Complaint [Doc. No. 3] be **GRANTED**.

Dated:  June 22, 2011                                       s/ Steven E. Rau
                                                            STEVEN E. RAU
                                                            United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 6, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.